94 N.J. Super. 440 (1967)
228 A.2d 719
THE CUNARD STEAM-SHIP COMPANY LIMITED, ETC., ET AL., PLAINTIFFS-RESPONDENTS, AND ATLANTIC CRUISE LINE, INC. (AND THREE OTHERS) PLAINTIFFS-INTERVENORS-RESPONDENTS,
v.
LOUIS P. LUCCI, DEFENDANT-APPELLANT, AND STATE OF NEW JERSEY, DEFENDANT-INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 20, 1967.
Decided April 10, 1967.
*441 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Charles Sovel, of the New York State Bar, argued the cause for defendant-appellant (Messrs. Toolan, Haney & Romond, attorneys; Mr. John E. Toolan, of counsel).
Mr. Richard Newman, Deputy Attorney General, argued the cause for defendant-intervenor-appellant (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney.)
Mr. Julius B. Poppinga argued the cause for plaintiffs-respondents (Messrs. McCarter & English, attorneys; Messrs. Julius B. Poppinga and John Drosdick, on the brief).
Mr. William A. O'Brien argued the cause for plaintiff-intervenor-respondent (Messrs. Messano & Messano, attorneys.
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
This appeal involves the constitutionality of the so-called New Jersey Flagship Statute, L. *442 1964, c. 230, now N.J.S. 2A:170-77.12 to 77.14, inclusive, which provides as follows:
"2A:170-77.12 Issuance or sale of ticket for passage aboard vessel not having country of registry imprinted thereon
No person shall issue, sell, or offer for sale in this State in the regular course of business any ticket for passage aboard any vessel required by law to be registered in this country or in any other country which does not have clearly imprinted thereon the country of registry of such vessel.
2A:170-77.13 Unlawfully advertising passage upon vessel
No person issuing, selling or offering to sell any ticket for passage aboard any such vessel shall directly or indirectly cause to be placed before the public in this State any advertising matter or information pertaining to passage or the availability of passage upon any such vessel, unless such advertising matter or information clearly indicates the country of registry of such vessel.
2A:170-77.14 Penalty
Any person who willfully violates any provision of this act is a disorderly person."
The statute has been described by appellants as a consumer protection measure which has been enacted to provide for the safety of New Jersey citizens who seek passage on ocean-going vessels by calling to their attention the foreign registry of vessels available for passage, thus alerting such would-be travelers to the supposedly known fact that the safety standards of foreign vessels do not measure up to those flying the American flag.
Actually, N.J.S. 2A:170-77.12 was not directly involved in the proceedings before the trial court. However, it falls within the ambit of the ruling made.
The factual background of the case is fully set forth in the trial court's opinion reported in 92 N.J. Super. 148 (Ch. Div. 1966).
The trial court held that the legislation presented an improper exercise of the state police power in that it impinged on areas reserved to the Federal Government under the supremacy clause, Art. VI of the United States Constitution. Specifically, the trial court found that the statute was "a regulation of and a burden on foreign commerce, an *443 area left to the control of the Congress (United States Constitution, Art. I, Sec. 8, cl. 3), except where incidental effect of state police enactments is deemed not unreasonably burdensome." The trial court further concluded that the statute offended another area of federal preemption  the foreign affairs power which was reserved to the federal executive (United States Constitution, Art. II, Sec. 2, cl. 2).
The trial court commented on the vagueness of the statute but did not declare it invalid for that reason. In addition to declaring the legislation unconstitutional, the final judgment permanently enjoined defendant Lucci from commencing or prosecuting any action whatsoever under the statute.
Defendant Lucci and the intervening defendant State of New Jersey have filed separate appeals from the foregoing judgment. Both appeals have been consolidated.
After the appeals had been taken, Congress enacted P.L. 89-777, the Passenger Ship Safety Act of 1966, signed by the President on November 6, 1966. In part the act provides as follows:
"(b) Owners, operators, agents, or any persons selling passage on a foreign or domestic passenger vessel of one hundred gross tons or over having berth or stateroom accommodations for fifty or more passengers and embarking passengers at United States ports for a coastwise or an international voyage shall notify each prospective passenger of the safety standards with which the vessel complies or does not comply in a manner prescribed by regulations promulgated in accordance with this subsection. In addition, all promotional literature or advertising in or over any medium of communication within the United States offering passage or soliciting passengers for ocean voyages anywhere in the world shall include similar information as a part of the advertisement or description of the voyage in a manner prescribed by the same regulations. The Secretary [of Transportation] is authorized to promulgate regulations to implement the provisions of this subsection. * * *"
As a result of this new legislation, the case has taken a somewhat different turn because appellants had originally argued that the absence of federal legislation in this area was significant. They now make the more limited contention that the New Jersey legislation is not in direct conflict with *444 the federal act, and that such act has not preempted the states from regulating ship advertising within their borders.
We conclude that the New Jersey Flagship Statute runs afoul of the commerce clause of the United States Constitution (Art. I, Sec. 8) and was properly held to be unconstitutional for that reason. The subject matter of the New Jersey statute is actually national in scope so that some uniform system of regulation is essential. If each state were permitted to regulate separately in the area in question, shiplines could be subjected to a myriad of different and even conflicting regulations. Manifestly, this would be unduly burdensome. For these reasons, the federal interest is dominant and excludes attempted state regulation. Cf. Ness Produce Co. v. Short, 263 F. Supp. 586 (D.C. Or. 1966); affirmed without opinion 385 U.S. 537, 87 S.Ct. 742, 17 L.Ed.2d 591 (1967).
This conclusion is confirmed by the recent enactment by Congress of the Passenger Ship Safety Act of 1966. That act, applying to vessels embarking passengers at United States ports, requires the disclosure of the safety standards with which the vessel complies or does not comply. Thus, it is seen that the Congress has acted comprehensively in the very area sought to be regulated by the state act.
Since we find the act to be unconstitutional as an infringement on the power vested in Congress under the commerce clause, it becomes unnecessary for us to decide whether it also offends the foreign affairs power vested in the federal executive.
The judgment of the trial court is affirmed for the reasons herein stated.